NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **EDWARDO COLLADO,** | : | Civil No. 05-1629 (GEB) |
| Petitioner, | : | |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | MEMORANDUM OPINION |
| Respondent. | : | |

**BROWN, Chief District Judge**

  This matter comes before the Court upon Motion by Petitioner *pro se* Muhammad Abdul-Malik Shabazz [hereinafter "Petitioner"] to vacate, set aside or correct his sentence pursuant to Title 28, United States Code, Section 2255 [Docket Entry # 1] and upon Motion by Respondent United States of America [hereinafter "Respondent"] to dismiss Petitioner's § 2255 Motion pursuant to Fed.R.Civ.P. 12(b)(6) [Docket Entry # 4]. The Court, having considered the parties' submissions and having decided this matter without oral argument pursuant to Fed.R.Civ.P. 78, and for the reasons discussed below, will deny Petitioner's § 2255 Motion with prejudice and grant Respondent's Motion to Dismiss.

I.   **BACKGROUND**

  On May 4, 2000, Petitioner and others were charged in a Criminal Complaint alleging conspiracy to distribute and possession with intent to distribute "crack" cocaine, a Schedule II narcotic drug controlled substance, contrary to Title 21, United States Code, Section 841 (a)(1), in violation of Title 21, United States Code, Section 846. (Criminal Docket). Petitioner was

arrested that same day. (Id.). On October 25, 2000, Petitioner entered a plea of guilty, and on April 4, 2001, Petitioner was sentenced to one hundred seventy months' imprisonment. (Id.). Petitioner thereafter appealed his conviction and sentence, which was affirmed on December 1, 2003. (Id.). On March 28, 2005, Petitioner filed the instant petition. (Civil Docket). Petitioner's basis for relief lies with the United States Supreme Court rulings under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). Petitioner asserts that the holdings in Blakely and Booker render his sentence unconstitutional.

## II.     ANALYSIS

### A.     Standard of Review For 28 U.S.C. § 2255

Section 2255 of Title 28, of the United States Code, permits a court to vacate, correct or set aside a sentence that:

> [W]as imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. However, "section 2255 'may not be employed to relitigate questions which were raised and considered on direct appeal.'" *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986), *cert. denied*, 511 U.S. 1033 (1994)). Moreover, if a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged error or violation. *Henry v. United States*, 913 F. Supp. 334, 336 (M.D. Pa. 1996), *aff'd*, 96 F.3d 1435 (3d Cir. 1996); *see also United States v.*

*Essig*, 10 F.3d 968, 979 (3d Cir. 1993) (holding that the "cause and prejudice" standard set forth in *United States v. Frady*, 456 U.S. 152 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed."). However, a petitioner need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel for the first time in a collateral attack. *DeRewal*, 10 F.3d at 104.

### B. Booker Holding

Petitioners sole claim for relief is that his conviction and sentence is unconstitutional as it violates the holdings of Blakely and Booker.

On January 12, 2005, the United States Supreme Court issued United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a two opinion decision. Opinion one held that the Sixth Amendment as construed in a previous ruling (Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)) applied to the United States Sentencing Guidelines. Opinion two determined that the holding in opinion one invalidated 18 U.S.C. § 3553(b)(1), which was a provision of the Sentencing Reform Act of 1984 making the guidelines mandatory. Subsequent to the Supreme Court's ruling in Booker, the United States Sentencing Guidelines became advisory.

### C. Retroactivity of Booker

The Third Circuit Court of Appeals has held that the Supreme Court's determination in Booker is not retroactively applicable to cases on collateral review. Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); United States v. Lizardo, Slip Copy, 2006 WL 549017 (C.A.3 Pa. 2006).

Here, Petitioner appealed his sentence to the Third Circuit, and the court affirmed his conviction on December 1, 2003. Petitioner did not file a writ of certiorari in the Supreme Court. Thus, judgment in Petitioner's criminal case became final ninety days after December 1, 2003, 2004. See Kapral v. United States, 166 F.3d 565, 570-71 (3d. Cir. 1999) (noting that a "defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari" and "if a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires"). Therefore, judgment of Petitioner's criminal conviction and sentencing became final on or about March 1, 2004, well before the issuance of Booker. Consequently, pursuant to Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), Booker does not apply.

### III.   CONCLUSION

Accordingly, Petitioner's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied with prejudice and the Government's motion to dismiss is granted. An appropriate form of Order accompanies this Memorandum Opinion.


Date:   July 24, 2006


                                              s/Garrett E. Brown, Jr.
                                              **HONORABLE GARRETT E. BROWN, JR.**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**