UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **EDWARDO COLLADO,** | : | Civil No. 05-1629 (GEB) |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | MEMORANDUM OPINION |
| Respondent. | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon Motion by Petitioner *pro se* Edwardo Collado [hereinafter "Petitioner"] to Alter or Amend Judgment pursuant to Fed.R.Civ.P. 59(e). The judgment Petitioner seeks to have altered or amended is this Courts July 25, 2006, Memorandum Opinion and Order denying Petitioner's previous motion to vacate, set aside or correct his sentence pursuant to Title 28, United States Code, Section 2255. The Court, having considered the parties' submissions and having decided this matter without oral argument pursuant to Fed.R.Civ.P. 78, and for the reasons discussed below, will deny Petitioner's Rule 59(e) motion.

**I.    BACKGROUND**

On May 4, 2000, Petitioner and others were charged in a Criminal Complaint alleging conspiracy to distribute and possession with intent to distribute "crack" cocaine, a Schedule II narcotic drug controlled substance, contrary to Title 21, United States Code, Section 841 (a)(1), in violation of Title 21, United States Code, Section 846. (Criminal Docket). Petitioner was arrested that same day. (Id.). On October 25, 2000, Petitioner entered a plea of guilty, and on

April 4, 2001, Petitioner was sentenced to one hundred seventy months' imprisonment. (Id.). Petitioner thereafter appealed his conviction and sentence, which was affirmed on December 1, 2003. (Id.).

On March 28, 2005, Petitioner filed a § 2255 petition. (Civil Docket, Entry # 1). Petitioner asserted, as his basis for relief, that the United States Supreme Court rulings of Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) rendered his sentence unconstitutional. On July 25, 2006, this Court entered a Memorandum Opinion and Order denying Petitioner's § 2255 motion. The Court ruled that the holdings of Blakely and Booker could not be retroactively applied to Petitioner's case. On August 7, 2006, Petitioner filed the instant Rule 59(e) motion.

## II. ANALYSIS

A motion for reconsideration under Fed.R.Civ.P. 59(e) and L.Civ.R. 7.1(g) provides that a party can motion for reconsideration of a court's previous ruling. A motion for reconsideration, however, is to be granted only if a court overlooked certain factual matters or controlling decisions of law. Further, a court entertains a motion for reconsideration only if that court overlooked matters that might reasonably have resulted in a different decision. See United States v. Compaction Systems Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). Courts are cautioned that reconsideration is an extraordinary remedy to be granted sparingly. P.Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F.Supp.2d 349, 353 (D.N.J. 2001). Reconsideration is not appropriate where the motion only raises a party's disagreement with the original decision rendered by a court, Bowers v. National Collegiate Athletic Association, 130 F.Supp.2d 610, 612-613 (D.N.J. 2001), and mere disagreement with a court will not suffice to show that said

court overlooked relevant facts or controlling law.  United States v. Fiorelli, 337 F.3d 282 (3d Cir. 2003); United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999).

In the instant motion for reconsideration, Petitioner offers no new information to substantively refute the prior determinations of this Court.  Petitioner recapitulates his misunderstandings regarding Booker and Blakely.  Further, Petitioner fails to raise any new law which would be necessary to have the Court revisit these previously thoroughly contemplated issues.

Petitioner does allege a new claim of ineffective assistance of counsel.  However, the time has well passed to permit Petitioner to assert any new claims.  This new claim is therefore barred as it would constitute a second or successive petitioner pursuant to 28 U.S.C. § 2255.

### III. CONCLUSION

Accordingly, Petitioner's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) is denied.  An appropriate form of Order accompanies this Memorandum Opinion.


s/Garrett E. Brown, Jr.
**HONORABLE GARRETT E. BROWN, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

Date: September 11, 2006